UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JESSICA ROTH ) | |
| Plaintiff, ) | Case No. |
| ) | |
| vs. ) | |
| ) | |
| BROCK BEAUTY, INC. ) | |
| AKA ) | |
| HAIRFINITY , INC. ) | |
| Defendant ) | |

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

### I.   INTRODUCTION

1. This is an action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 *et seq*, and all applicable common law causes.

### II. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, for the TCPA claims. *See also* Mims v. Arrow Financial Services, 132 S. Ct. 740 (2012) (resolving a split between the Circuits and holding that Federal Jurisdiction does exist for private TCPA claims).

2. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here in the District of New Hampshire.

### III. PARTIES

3. Defendant Brock Beauty, Inc. AKA Hairfinity, Inc.  is a corporation with a principal address of 840 Oak Harbor Blvd., Slidell, LA 70458

4. Defendant has a Registered Agent of Tymeka Lawrence 62125 HWY 1090, Pearl River, LA 70452.

5. Plaintiff is a natural person at all times relevant residing in the New Hampshire County of Hillsborough.

## IV.  FACTUAL ALLEGATIONS

4. The Plaintiff has never authorized the Defendant to send automated text messages to her cell phone.

5. The Plaintiff received the attached ten messages to her cell phone between May and July of 2017. (Exhibit A).

6. The Messages all communicated marketing information to the Plaintiff.

7. The messages indicated that if the Plaintiff texted "STOP" to the Defendant she could opt out of the advertisements.

8. The Plaintiff attempted to send the message "STOP" to the Defendant on ten separate occasions, on each occasion the message was ineffective.

9. Despite sending messages to opt out of these texts the Defendant continued to contact the Plaintiff with text based advertisements.

## V.   CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b) on behalf of himself and a class of similarly situated individuals as defined below:

> All persons in the United States of America who within the last four years received telemarketing texts from Brock Beauty, Inc. aka Hairfinity. on their residential or cellular telephones using a automated texting system and who did not consent to such calls.

(the "Class").  Excluded from the Class are Defendants, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

11. The proposed Class is believed to be so numerous that joinder of all members is impracticable.  The exact number of members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.  The proposed Class is believed to be ascertainable in that the contact information of all members of the Class can be identified in business records maintained by Defendant or the Defendant's principal or agent.

12. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and all Class members' claims originate from the same conduct, practice and procedure on the part of the Defendant and Plaintiff has suffered the same injuries as each member of the class.  Like all proposed members of the Class, Plaintiff received telemarketing messages from the Defendant to her cellular telephone which utilized an automatic texting system.

13. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced in consumer protection litigation.  Plaintiff's counsel has co-counseled consumer class action litigation and has an established ongoing association with experienced consumer class action attorneys with nationwide reach and resources.

14. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

15. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the Class. Among the issues of law and fact common to the Class are:

    i. Defendant's violations of the TCPA as alleged herein;

    ii. The existence of Defendant's identical conduct particular to the matters at issue; including but not necessarily limited to the placement of telemarketing cell phone TXT messages to cellular telephone numbers.

16. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

17. A heretofore unknown number of consumers are without a remedy for these violations of Federal Law.

## VI. CLAIMS FOR RELIEF

### COUNT I
### DEFENDANT'S VIOLATIONS OF 47 U.S.C. 227

18. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

19. The TCPA makes it unlawful for any person to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2)(B)."[1]

---

[1] "Initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party, unless the call… (ii) Is not made for a commercial

20. The FCC has stated that the restrictions on making autodialed calls to cell phones encompass both voice calls and texts. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 18 FCC Rcd. 14014, 14115, Par. 165 (2003).

21. The Statutory scheme of the TCPA provides for a private action for violations of the statute: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State- (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions." 47 U.S.C. § 227(b)(3).

22. "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

23. "[A]n act may be 'intentional' for purposes of civil liability even if the actor lacked actual knowledge that [their] conduct violated the law." Jerman v. Carlisle, McNellie, Rini, Kramer, 130 S. Ct. 1605, 1612 (2010). *See also* Kolstad v. American Dental Assn., 527 US 526, 549 (1999) (holding that willful violations can be found where a defendant acts with "careless" or "reckless" disregard for federally protected rights).

24. Here, Defendant has used cell phone TXT messages to contact the plaintiff.

25. The purpose of the cell phone TXT messages was solicitation.

---

purpose; (iii) Is made for a commercial purpose but does not include or introduce an advertisement or constitute telemarketing…" 47 C.F.R. § 64.1200(a)(3)(ii) and (iii).

26. The cell phone TXT messages were telemarketing calls.

27. The Defendant did not have her consent to contact her by cell phone TXT messages.

28. Any potential implied consent was revoked by he plaintiff.

29. The Defendant made these cell phone TXT messages with careless or reckless disregard that their conduct violated the law.

30. The nature of the Defendant's conduct towards the Plaintiff implies that they have conducted these violations in a widespread manner.

31. A heretofore unknown number of consumers have the same or similar claims against the Defendant and are entitled to the relief provided for by Federal Law.

WHEREFORE, Plaintiff requests this Honorable Court enter the following relief:

   a. Determine that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

   b. Adjudge that Defendant violated 47 U.S.C. § 227;

   c. Enjoin the Defendant from any further violations of 47 U.S.C. § 227;

   d. Award Plaintiff and members of the Class statutory damages for each phone call made in violation of this statute, pursuant to 47 U.S.C. § 227(b)(3);

   e. Award Plaintiff and members of the Class triple damages pursuant to 47 U.S.C. § 227(b)(3);

   f. Award Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   g. Approve or award attorneys' fees as appropriate for representing the plaintiff and the class;

   h. Issue such other and further relief as the Court may deem just and proper.

**PLAINTIFF IS ENTITLED TO AND HEREBY DEMANDS TRIAL BY JURY**

Dated: December 1, 2017

    Respectfully submitted,
    Counsel for the Plaintiff,
    and the proposed Class,

    /s/ Keith A. Mathews
    ATTY. Keith A. Mathews
    NHBN 20997
    Associated Attorneys of New England
    587 Union Street
    Manchester, NH 03104
    Tel: (603) 622-8100
    Fax: (888) 912-1497
    keith@aaone.law